1  Matthew Franklin Jaksa (CA State Bar No. 248072)
   HOLME ROBERTS & OWEN LLP
2  560 Mission Street, 25th Floor
3  San Francisco, CA  94105-2994
   Telephone:  (415) 268-2000
4  Facsimile:   (415) 268-1999
   Email:         matt.jaksa@hro.com
5
6  Attorneys for Plaintiffs,
   SONY BMG MUSIC ENTERTAINMENT;
7  LAFACE RECORDS LLC; UMG
   RECORDINGS, INC.; ZOMBA
8  RECORDING LLC; ATLANTIC
   RECORDING CORPORATION; ARISTA
9  RECORDS LLC; and ELEKTRA
10 ENTERTAINMENT GROUP INC.

11                   UNITED STATES DISTRICT COURT
                   NORTHERN DISTRICT OF CALIFORNIA
12                       SAN FRANCISCO DIVISION
13

14 | SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; LAFACE RECORDS LLC, a Delaware limited liability company; UMG RECORDINGS, INC., a Delaware corporation; ZOMBA RECORDING LLC, a Delaware limited liability company; ATLANTIC RECORDING CORPORATION, a Delaware corporation; ARISTA RECORDS LLC, a Delaware limited liability company; and ELEKTRA ENTERTAINMENT GROUP INC., a Delaware corporation, | CASE NO. 3:07-CV-04877-SI

Honorable Susan Illston

***EX PARTE* APPLICATION TO EXTEND TIME TO SERVE DEFENDANT AND [PROPOSED] ORDER**

Plaintiffs,

v.

JOHN DOE,
                                    Defendant.

Plaintiffs respectfully request, pursuant to the Federal Rules of Civil Procedure, Rules 4(m) and 6(b)(1)(A), that the Court grant an additional 90 days to serve Defendant with the Summons and Complaint.  As further explained below, Plaintiffs have believe they have discovered the identity of the Doe defendant in this case and have contacted this person in an attempt to resolve the dispute without further litigation; Plaintiffs thus seek additional time to effectuate service in the event the dispute is not resolved and Plaintiffs file a First Amended Complaint naming Defendant individually.  In support of their request, Plaintiffs state as follows:

1. The current deadline for service of process is January 18, 2008.  The initial case management conference is set for April 18, 2008, at 2:00 p.m.  The case management conference was continued twice, once by the Court of its own accord and once upon Plaintiffs' request by the Court's Order of December 21, 2007.

2. Plaintiffs filed their Complaint for Copyright Infringement against Defendant John Doe ("Defendant") on September 20, 2007.  Plaintiffs did not have sufficient identifying information to name Defendant in the Complaint, but were able to identify Defendant by the Internet Protocol address assigned to Defendant by Defendant's Internet Service Provider ("ISP") – here, California State University, Monterey Bay.

3. In order to determine Defendant's true name and identity, Plaintiffs filed their *Ex Parte* Application for Leave to Take Immediate Discovery on September 20, 2007, requesting that the Court enter an Order allowing Plaintiffs to serve a Rule 45 subpoena on the ISP.

4. The Court entered an Order for Leave to take Immediate Discovery on October 10, 2007, which was served upon the ISP along with a Rule 45 subpoena.  On November 30, 2007, the ISP responded to Plaintiffs' subpoena, identifying the individual associated with the Internet Protocol address supplied to the ISP by Plaintiffs.

5. On December 18, 2007, Plaintiffs sent a letter to the individual identified by the ISP, notifying him of Plaintiffs' claims and encouraging him to contact Plaintiffs to attempt to amicably resolve this matter.  In subsequent telephone conversations beginning on December 26, 2007, the individual questioned whether the ISP properly identified him and has advised that he has been in

contact with the ISP but, as of Plaintiffs' last contact, had so far been unable to speak to the appropriate person at the University because of the winter holidays.

6. Plaintiffs wish to give the individual identified by the ISP a reasonable period of time to conclude his investigation of the identification issue and any negotiations aimed at resolving this case. Plaintiffs only wish to proceed with the litigation if this individual is the infringer of Plaintiffs' copyrights (and the case cannot be settled), but do not wish to amend the complaint to name him individually if he is not the infringer.

7. Given the circumstances of this case, Plaintiffs respectfully request an additional 90 days to effectuate service.

8. Plaintiffs submit that their efforts to give written notice of their claim to the individual identified by the ISP and subsequent efforts to resolve the matter before naming him in the lawsuit constitute good cause for any delay in perfecting service. *See Ritts v. Dealers Alliance Credit Corp.,* 989 F. Supp. 1475, 1479 (N.D. Ga. 1997) (stating good cause standard for service extensions). Moreover, unlike a traditional case in which the defendant is known by name and efforts to serve can begin immediately after filing the complaint, in this case Plaintiffs first had to obtain the identity of the defendant through the subpoena to the ISP. This Court has discretion to enlarge the time to serve even where there is no good cause shown. *Henderson v. United States,* 517 U.S. 654, 658 n. 5 (1996).

9. Because the copyright infringements here occurred in 2007, the three-year limitations period for these claims has not expired. *See* 17 U.S.C. § 507(b) (2000). There can thus be no prejudice to the Defendant from any delay in serving the Complaint.

10. Plaintiffs will provide the Defendant with a copy of this request and any Order concerning this request when service of process occurs.

Dated: January 17, 2008                    HOLME ROBERTS & OWEN LLP

                                          By: _____/s/ Matthew Franklin Jaksa___
                                              MATTHEW FRANKLIN JAKSA
                                              Attorney for Plaintiffs

2

EX PARTE APPLICATION TO EXTEND TIME TO SERVE DEFENDANT AND [PROPOSED] ORDER
Case No. 3:07-cv-04877-SI
#34954 v1

1 **ORDER**

2   Good cause having been shown:

3   **IT IS ORDERED** that, pursuant to the Federal Rules of Civil Procedure, Rules 4(m) and
4 6(b)(1), Plaintiffs' time to serve the Summons and Complaint on Defendant be extended to April 17,
5 2008.

8 Dated: _____    By: _____
         Honorable Susan Illston
         United States District Judge